*443 OPINION OF THE COURT
Stanley Parness, J.
Raymond J. O’Connor moves to quash the subpoena served upon bim to take his deposition in an action pending in Texas between the parties in this application. The plaintiff therein, Dorchester Master Limited Partnership (Dorchester), seeks damages for the conversion of its natural gas by the defendants, independent oil companies and oil well operators, from whom a codefendant, Cabot Pipeline, purchased natural gas. Dorchester alleges the defendants converted its natural gas by improperly classifying its natural gas wells as oil wells. In counterclaims, defendants charge violation of Texas antitrust laws.
The application to quash is made upon the claim of privilege based upon O’Connor’s former position as Chairman of the Federal Energy Regulatory Commission (FERC), an independent regulatory agency established by act of Congress. In 1983, it is alleged, the FERC instituted an investigation entitled, Stowers Oil and Gas Company et al., concerning the acts of certain oil well operators in the Panhandle Field of Texas among whom were the defendants in the Texas action. The subpoenaed witness, O’Connor, in the capacity of Chairman of FERC, supervised that investigation consulting with its staff counsel, Michael Mishkin, who oversaw the field investigation, discussed policy and objectives thereof and made the decision to refer the results to an Administrative Law Judge (ALJ) whose determination was thereafter reviewed by him, as Chairman, and the four other Commissioners. The FERC affirmed the determination of the ALJ, the appeal from which is presently pending before the United States Court of Appeals for the Tenth Circuit. Implementation of the remedies recommended by the AU are stated also to be pending before the FERC. O’Connor left his post in January 1986 and is presently an executive with Citibank in New York City.
The prime objective of the deposition is to obtain from O’Connor his knowledge of the claimed solicitation of funds from private, but commercially interested, oil companies to pay for the cost of certain expert testimony needed to make a case in the Stowers proceeding. The staff counsel, Mishkin, in his deposition intimates that such private solicitations were sought although doing so would augment the allocations for such investigation provided to the agency by Congress. The intimation, thus, is that private competitive sources were *444 utilized improperly to obtain such testimony without which the adverse administrative determination could not have been made. Intimations of Mishkin’s lack of impartiality are also suggested in proposing such solicitation to O’Connor and his conversations and actions with respect thereto are sought to be revealed in the deposition of O’Connor to attack the integrity of the investigation by the FERC and thereby defeat Dorchester’s right to damages, as well as to establish defendants’ counterclaims.
Dorchester also seeks to ascertain the extent to which O’Connor’s knowledge of actions by Northern Natural Gas Company, an intervenor in Stowers, induced the FERC to prosecute the defendant companies. It seeks further to ascertain whether Mishkin’s conduct in that investigation was known or approved by the FERC and what impact, if any, the allegedly unlawful augmentation of private solicitation of funds for expert testimony had on the prosecution of the Stowers proceeding.
The broad scope of the deposition sought to be obtained from O’Connor includes areas of permissible inquiry but intrudes impermissibly into areas protected by executive privilege, sometimes referred to as the "deliberative process” privilege. O’Connor’s position as Chairman of FERC cast him in a dual roll. His consultations with his staff and fellow Commissioners as to the merits of the case submitted for determination in Stowers fall in the latter category and are clearly insulated from outside discovery. (United States v Morgan, 313 US 409 [1941].) Executive privilege protects the decision-making and judgmental processes of administrators empowered to render decisions from revealing the mental or deliberative considerations which entered into such decisions.
As stated in Morgan: "[t]he proceeding before the Secretary 'has a quality resembling that of a judicial proceeding.’ * * * Just as a judge cannot be subjected to such a scrutiny * * * so the integrity of the administrative process must be equally respected.” (Supra, at 422.)
The policy behind the privilege is to protect the deliberative process of government by ensuring that persons in an advisory capacity would be able to express their opinions freely to agency decision-makers without fear of publicity which might inhibit frank discussions of policy matters and would likely impair the quality of decisions. (National Labor Relations Bd. v Sears, Roebuck & Co., 421 US 132; Ryan v Department of *445 Justice, 617 F2d 781, 789-791 [DC Cir 1980]; Paisley v Central Intelligence Agency, 712 F2d 686, 697-698 [DC Cir 1983]; Stiftung v Zeiss, 40 FRD 318 [DC 1966].) Neither may he be deposed concerning his own deliberations or those with his fellow Commissioners in Stowers.
Falling outside such privileged area is the inquiry into whether he authorized the alleged solicitation of funds for or employment of expert witnesses obtained through private, but commercially interested, parties, the efforts made to obtain them, the parties contacted and the names of the experts obtained through such efforts. These are areas of factual occurrence and do not intrude upon the judgmental process of the Commission. Mishkin has testified on these subjects to some degree in his deposition without objection and O’Connor may also be questioned concerning them. O’Connor shall produce only those documents in aid of his testimony as relates to these subjects. Clearly, however, he may not be deposed as to the impact of the expert testimony allegedly obtained through such private solicitations of funds upon the prosecution of the Stowers proceeding as this comes under the protected umbrella of the deliberative process privilege.
Accordingly, the motion to quash is denied. The deposition shall proceed with the limitations on inquiry imposed herein on December 1, 1987 at 2:00 p.m. at the place stated in the subpoena.